## GRIESMEYER v SHOUP et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1216.   Decided Feb 5, 1934

Joseph A. Sharts, Dayton, for plaintiff in error.

Miles S. Kuhns, Dayton, and Allaman, Funkhouser & Murr, Dayton, for defendants in error.

## OPINION

By BARNES, J.

The errors complained of are set out in the petition in error as follows:

(1) Said court erred in overruling motion of plaintiff in error for new trial.

(2) Said court erred in its charge to the jury on the trial of said action.

(3) Said court erred in its instructions to the jury after said jury first came in and in sending said jury back for further consultation after so instructing them.

(4) The facts set forth in the petition below are not sufficient to maintain the finding of fact by the jury against plaintiff in error.

(5) The facts set forth in the petition below in the amount claimed therein are not sufficient to maintain the amount of the verdict originally found by the jury against plaintiff in error, which finding of amount was afterwards by instruction of the court embodied in the final verdict.

(6) There is error in the amount of recovery, same being too small.

(7) There is error in the amount of the verdict for the reason that said verdict states a figure which could not have been arrived at except by crediting defendants in error twice with the same payment.

(8) Said court erred in the admission of evidence on behalf of said defendants in error to which the plaintiff in error objected.

(9) Said court erred in ruling out evidence offered by the plaintiff in error.

(10) Other errors apparent upon an inspection of the record.

At page 8 of the brief for plaintiff in error we find the following:

"Defendant bases his claim of right to vacate the present judgment mainly upon the interference of the court and of counsel for plaintiff after the jury brought in their original verdict."

At this point we might say that we have carefully examined the record for errors as enumerated in the ten specifications, but aside from the major proposition as quoted from plaintiff's brief, we find nothing requiring special reference or comment. As we view it, the entire question revolves around the original verdict as returned by the jury, the comments of the court and counsel thereon in the presence of the jury and thereafter the jury again sent out with the second blank verdict and which was returned by the jury signed by all twelve of their number as was the first.

The first verdict set out the amount due plaintiff $2900, amount due defendant $4351.35 and balance due defendant $1451.34. The second verdict was merely a general verdict in favor of the defendant in the sum of $1451.34.

The record contains a transcript of everything that transpired from the time the jury reported their first verdict until they returned and reported the second verdict and were discharged. This part of the transcript is set out in full:

"March 26, 1932, 3:45 P. M.

THE COURT: Members of the jury have you arrived at a verdict?

MR. BARLOW: We have.

THE COURT: Pass it to the bailiff who will pass it to the Clerk who will read it.

CLERK: (Reading) 'We the jury upon the issues joined between the parties in this case do find for the plaintiffs on the cause of action set forth in plaintiffs petition in the sum of $2900.00 and further find for the defendant William Griesmeyer, on the causes of action set out in the defendant's William Griesmeyer, Answer and Cross-Petition in the sum of $4351.34, or in favor of the defendant in the sum, a difference, of $1451.34.'

Signed by 12 jurors.

THE COURT: I don't know where you get the $2900.00 found in favor of the plaintiff.

MR. BARLOW: $1000.00 paid on the note; $1900.00 before.

THE COURT: They are not asking for the $1000.00 paid on the note; they are asking for board of $2272.50, less what they claim defendant paid them, leaving a balance due of $596.67. That is all they claim is due them. They are not asking for judgment of the $1000.00. Did you allow the board bill?

MR. BARLOW: According to our figures a certain amount that we total up that we got out of the petition; a number of days.

THE COURT: What amount?

MR. BARLOW: $1.00 a day for 1900 days, according to their petition.

MR. MURR: Perhaps the $4351.34 is the total claim; that is they find for the defendant without the credit of the $1000.00 and $1900.00.

MR. BARLOW: That is it exactly.

THE COURT: Possibly the final result is what your verdict really is, but I don't like the way it is expressed, because you are finding something they really don't ask for.

MR. MURR: I suggest that if the jury find that they be instructed to make that deduction.

THE COURT: We can shorten this, if agreeable to counsel, to make a general finding in favor of the defendant of $1451.34, making no finding for the plaintiff at all, using one of these other forms.

MR. MURR: The only thing would be necessary would be to change the $4351.34 to 3351.00,—

MR. SHARTS: What are the rights of my client? The Court's suggestions are in order, but I don't think the suggestions of Mr. Murr are in order. I have been sitting quiet on purpose. The court is responsible for that, because the court asked the question about making a general verdict of $1451.34 for defendant. I would suggest the court return the verdict and instruct them they have no right to find that $1000.00 paid back in 1918 as a credit. I think that then they could arrive at a verdict they wanted to find. If they felt they could take off $1000.00 from the defendant just because they can't again give that to plaintiffs, that is for them to say. But I don't think it permissible for either Mr. Murr or myself to advise them.

THE COURT: I don't think it will hurt; I am trying to clear the atmosphere and get a verdict in response to the pleadings. If counsel won't agree to a general verdict for $1451.34 I will have to give the verdict back to the jury and let them follow the petition and cross-petition on the amounts. Do I understand you don't want to agree to that? If you don't it is all right.

MR. MURR: We will agree to a general verdict.

MR. SHARTS: We don't want to preclude either side from any further action in the matter.

MR. MURR: What is really effective is the balance to be found. We might clear the matter if they agree to simply express a verdict which they find due him to be net.

MR. SHARTS: I would much rather the court send them back, and let them bring in their verdict.

THE COURT: I can instruct them right now what to bring in. I don't know whether I can do that either, because in the form of the verdict, if they should find that amount due defendant they also find there is nothing due from the plaintiffs; and they have found there is something due from the plaintiffs. When we have a cross-petition that is always the form of verdict; they must find for both and state the difference. In any other verdict there

is no finding in favor of the other party. Suppose the court erases that line 'Due and owing plaintiffs from the defendant', and let it show that there is due and owing the defendant the net sum of $1451.34; that is what they really found.

* * *

THE COURT: Members of the jury, in order to simplify the verdict, and have it express what you want it to express, that is, what you want to express, the court will give you another form of verdict in which you can find for William Griesmeyer in the amount of $1451.34. If that be your verdict you will sign this form.

I guess we better give them a chance to sign, so there will be no question about it.

Whereupon the jurors retired, and having arrived at a verdict, so announced to the court.

THE COURT: Have you arrived at a verdict.

MR. BARLOW: We have.

THE COURT: Pass it to the bailiff who will pass it to the Clerk who will read it.

CLERK: (Reading) 'We the jury upon the issues joined between the parties in this case do find for the defendant, William Griesmeyer', from the plaintiffs, the sum of $1451.34.'

Unanimously signed by 12 jurors.

THE COURT: Is there any objection that counsel care to put into the record as to the verdicts? Mr. Sharts is there any objection you care to put in the record? (No objection was made).

Thereupon the jury was dismissed from further consideration of this case."

We are able to learn from the court's charge that four verdicts were submitted to the jury with instructions thereon as follows:

(1) Should you find for the plaintiff, you will state the amount, and if you allow them interest you will say "with interest," and nothing due from the plaintiffs to the defendant.

(2) Should you find for the defendant, you will state the amount, and if you allow him interest you will say "with interest" and nothing due and owing from the defendant to the plaintiffs.

(3) Should you find there is something due from the plaintiffs to defendant, and from the defendant to the plaintiffs, you will state the amounts, and show the difference and in whose favor the difference may be.

(4) If you find there is nothing due from

plaintiffs to defendant, or from defendant to plaintiffs, yours will be a general verdict.

As we view it, form of verdict No. 3 could well have been omitted. This is by reason of the fact that both plaintiff and defendant were basing the prayer of their petition on the balance due after giving credit to which the other party was entitled according to their respective claims. The correct determination of the case required the jury to find as to the sum total of charges and credits as to each and the difference would be the amount due either the plaintiff or the defendant.

The trial court's objection to the first verdict was that it made a finding in favor of the plaintiff of more than was prayed for in the petition.

Counsel for plaintiff in error say that the court could have corrected this first verdict by proper procedure without further action by the jury by reducing the $2900 to $596.67 as prayed for in the petition. We are unable to accept this theory. Such a procedure would not have been expressive of the will of the jury.

If, perchance, the jury had returned a verdict in favor of the plaintiff in the amount and in accordance with the prayer of the petition it would necessarily follow under the facts as disclosed by the record, that no amount should have been returned thereafter in favor of the defendant.

This is by reason, as stated heretofore, that the amount sought to be recovered was a balance due after giving stated credits. This is not such a case as where parties have mutual accounts against each other. In such a case the plaintiff prays judgment for the full amount of his account. The defendant through cross-petition asks for the full amount of his account. In such a case each cause of action is independent of the other. The course of dealing has been such that the charge of one can not be said to be a credit against the charge of the other. Under such a situation, the jury are properly instructed to make their findings as to the amount due the plaintiff; the amount due the defendant and the difference·being amount due the defendant or the plaintiff as the case may be. In the instant case everything paid or furnished by the plaintiff was intended to be a credit, but under their calculation it was claimed that the five year board bill was in excess of the charges and their prayer was for this excess. The legal effect of this first form of verdict of the jury was no more than to set out their manner of calculation.

Ordinarily we are not advised as to how the jury arrive at their net results.

The second verdict of the jury, which apparently is the verdict upon which the judgment was entered, is in the exact form that the verdict·should be returned under the issues as joined between the parties. The first form of verdict was not preserved, and therefore the judgment must stand or fall on the second form of verdict. The record is complete as to the first form of verdict and the proceedings following through·which the second form was submitted. Thereby we have submitted the question as to whether or not there is such irregularity in the procuring of the second verdict as to require the sustaining of the motion for a new trial.

It probably would have removed all question of irregularity had the trial court declined to accept the first verdict and ordered the jury to retire and further deliberate and bring in a verdict as to the amount due either to the plaintiff or defendant in accordance with their finding of fact. , If the court felt that there was a misapprehension on the part of the jury on a· vital element, he could in the presence of counsel and the parties give them further instructions. The particular statement of the court to the jury which brings the question within the danger zone was the statement made just immediately before sending the jury back to their room and saying that "they could find for William Griesmeyer in the amount of $1451.34." However, this was followed by the following statement: "If that be your verdict you will sign this form."

If it may be said that the first verdict was defective in form only, then the court could correct it with the assent of the jurors before their discharge. This is the provision of the last·paragraph in §11457 GC:

"But if the verdict is defective in form only, with the assent of the jurors and before their discharge the court may correct it."

It is our conclusion that this provision of the code is applicable to the instant case. Therefore there is no error in the action of the court directing the return of the second verdict.

As indicated above, we have considered the other grounds of error and find nothing prejudicial. The judgment of the court below will be affirmed at costs of plaintiff in error. Exceptions will be allowed to plaintiff in error.

HORNBECK, PJ, and KUNKLE, J, concur.